UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1\29\07

---

UNITED STATES OF AMERICA,

        Plaintiff,

-v-

TRUSTY CAPITAL, INC.,

        Defendant.

Case No. 06-CV-8170 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

Before this Court is the Amended Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and the appointment of the SBA as Permanent Receiver for Trusty Capital, Inc. ("Trusty"). The Court, being fully advised in the merits and for the reasons set for in an Opinion and Order dated January 5, 2007, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Trusty, and all of its assets, wherever located, and the United States Small Business Administration is hereby appointed receiver ("the Receiver") of Trusty to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and, if necessary, liquidating all of Trusty's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court. In the event the SBA determines it necessary to retain the services of a non-SBA employee to act as a principal agent for the Receiver ("Principal Agent"), the Principal Agent shall have and maintain its primary

office in New York County, New York or Washington, DC. Defendant or other interested parties may challenge, via letter to the Court, the appointment of any Principal Agent by the Receiver.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the managers, officers, and directors of Trusty under applicable state and federal law and by the Charter, By-Laws and operating agreement, if any, of Trusty, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The officers, managers, directors, employees, and agents of Trusty are hereby dismissed. Such persons shall have no authority with respect to Trusty's operations or assets, except as may hereafter be expressly granted by the Receiver; *provided, however*, that the Receiver is hereby directed to retain Mr. Yungduk Hahn, current President of Trusty, as a consultant who shall be paid by the Receiver at the rate of $125/hr for use of his services in collecting on loans issued by Trusty. The Receiver shall assume and control the operation of Trusty and shall pursue and preserve all of its claims.

    3.    The past and/or present officers, directors, agents, managers, accountants, attorneys and employees of Trusty, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said corporation and all other assets and property of the corporation, whether real or personal. In order to effectively operate and administer the Receivership and the collection of funds due to Trusty, such books, records, documents, accounts and all other instruments and papers of Trusty shall be kept and maintained by the Receiver in New York County, New York or Washington, DC. Trusty shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of

Trusty as well as the names, addresses and amounts of claims of all known creditors of Trusty. All persons having control, custody or possession of any assets or property of Trusty are hereby directed to turn such property over to the Receiver.

4.  The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Trusty. All persons and entities owing any obligations or debts to Trusty shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Trusty had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Trusty, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. However, Defendant, or other interested parties, may challenge, via letter to the Court, any disbursement exceeding $50,000. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.  Subject to prior approval of this Court, Trusty's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, consistent with their constitutional rights, answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Trusty. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Trusty or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Trusty, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.  The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Trusty or any assets of Trusty, involving Trusty or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Trusty's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Trusty, are enjoined from taking any

4

action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding. However, proceedings in *In re SK New York LLC*, No. 05-12422 (Bankr. E.D.N.Y. filed Feb. 24, 2005), may continue, provided that the Receiver makes any and all decisions regarding the continued prosecution of the lawsuit.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Trusty or any of its assets or any action of any nature taken by Trusty's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. However, proceedings in *In re SK New York LLC*, No. 05-12422 (Bankr. E.D.N.Y. filed Feb. 24, 2005), may continue, provided that the Receiver makes any and all decisions regarding the continued prosecution of the lawsuit.

9. Trusty and its past and/or present directors, officers, managers, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Trusty to the detriment of the Receiver, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, et seq., or the regulations promulgated thereunder at 13 C.F.R. part 107.

10. The Receiver is authorized to borrow on behalf of Trusty, from the SBA, up to

5

$250,000, and is authorized to cause Trusty to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Defendant, or any interested party, may challenge, via letter to the Court, any request for Certificates of Indebtedness exceeding $100,000. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Trusty, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Trusty.

11.  This Court determines and adjudicates that Trusty has violated certain SBA Regulations as described more specifically in the Court's Opinion and Order dated January 5, 2007. After completing its activities in accordance with this Order, the Receiver may recommend to this Court that Trusty's license as an SBIC be revoked.

SO ORDERED.

Dated:      January 29, 2007
            New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    ECF CASE
_____

UNITED STATES OF AMERICA,

       Plaintiff,                                   CV-06-8170
                                                    (Karas, J.)
       v.

TRUSTY CAPITAL, INC.

       Defendant.

_____

## AMENDED COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), §§ 308(d), 311, and 316, codified at 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Trusty Capital, Inc. (hereinafter, "Trusty" or "Defendant"), is a New York corporation currently maintaining its principal place of business at 25 West 37th Street, 5th floor, New York, New York 10018. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h, and 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS AND APPLICABLE LAW**

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. Defendant was licensed by SBA as a small business investment company ("SBIC") on or about May 1, 1989, SBA License No. 02/02-5512, under Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Defendant's Articles of Incorporation and/or other governing corporate documents expressly state that Trusty is organized, and has as its sole purpose, to operate under the Act.

8. Defendant agreed in its application for an SBIC License to comply with the Act and the Regulations promulgated thereunder in consideration for receiving an SBIC License and/or Leverage from SBA.

9. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financial assistance to licensed SBICs through several forms of leverage, including debentures and preferred securities.

10. On or about February 12, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683, SBA provided financing to Defendant by purchasing 1,025,000 shares of Trusty's preferred stock at a par value of $1.00 per share, for a total purchase price of

2

$1,025,000; the preferred securities issued by Defendant to SBA are identified as SBA Loan No. 09000700-05 (the "Preferred Securities").

11.     Pursuant to 13 C.F.R. § 107.1820 (2006), preferred securities issued before April 25, 1994 are governed by the remedies identified in the Regulations that are in effect at the time of their issuance.  Consequently, the remedies in effect in February 1991 govern Defendant's Preferred Securities.

12.     Pursuant to the Act, the Regulations including 13 C.F.R. § 107.205 (1991), and Trusty's Articles of Incorporation, Trusty was required to redeem the Preferred Securities from SBA within 15 years of the date of issuance at a price not less than the par value thereof, and to pay SBA any unpaid dividends accrued as of the redemption date.

13.     The Preferred Securities are subject to the Regulations, including but not limited to the remedial provisions set forth in 13 C.F.R. §§ 107.203 and 107.906 (1991).

14.     On or about March 24, 1993, in accordance with Section 303 of the Act, 15 U.S.C. § 683, SBA provided further financial assistance to Defendant by agreeing to guarantee the timely payment of all principal and interest scheduled on a $1,000,000 debenture issued by Trusty, which matured on March 1, 2003; the debenture guarantee is identified as SBA Loan No. 08003400-06 (the "Debenture").

15.     When Trusty failed to pay the principal and interest due on the Debenture by March 1, 2003, SBA was required to pay the Debenture guarantee in the amount of $1,000,000.

16.     By letter to Trusty dated September 2, 2005, SBA notified Trusty that under the terms of the Debenture and the Regulations, Trusty had defaulted on the

3

Debenture by failing to make the required payments, and that in accordance with 13 C.F.R. § 107.1810(f)(3) Trusty was being given 15 days from the date of the letter to cure the non-payment.

17.  Trusty failed to cure the non-payment and by letter sent to Trusty on or about December 2, 2005, SBA enforced the remedy provided under 13 C.F.R. § 107.203(b)(1) (1991) and declared the entire indebtedness evidenced by the Debenture and Preferred Securities, including principal and accrued interest and dividends, immediately due and payable; the letter also notified Trusty that SBA intended to avail itself of any remedy available under the Act, including the institution of proceedings for the appointment of SBA or its designee as Trusty's receiver under § 311(c) of the Act.

18.  By letter to Trusty dated May 4, 2006, SBA notified Trusty that it was being transferred to "liquidation status" based on its uncured condition of default, and SBA again demanded payment of the entire indebtedness evidenced by the Debenture and Preferred Securities, including principal and accrued interest and dividends.

19.  On September 1, 2006, Trusty paid SBA the amount owed in connection with the Debenture, but did not pay SBA the amount owed in connection with the Preferred Securities, which amount remains outstanding.

20.  Trusty was required on two separate and independent grounds to pay SBA the amount owed in connection with the Preferred Securities: (1) such amount was accelerated and became immediately due and payable on December 2, 2005, after Trusty defaulted on the Debenture, and (2) regardless of such acceleration, the Regulations and Trusty's Articles of Incorporation required Trusty to redeem the Preferred Securities,

4

which were issued on February 12, 1991, and pay accrued dividends by the mandatory 15-year redemption date of February 12, 2006.

21. As of October 5, 2006, the following amounts were outstanding and due to SBA: (1) Preferred Securities principal in the amount of $1,025,000, and (2) accumulated dividends of $563,565.41, plus a per diem dividend accrual of $112.33. Together the total amount owed by Trusty to SBA as of October 5, 2006, not including any interest or dividends that accrued subsequent to October 5, 2006, is $1,588,565.41.

22. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

23. Section 311 of the Act, 15 U.S.C. § 687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices.

24. Section 311 of the Act, 15 U.S.C. § 687c, also provides that SBA has authority to act as receiver of the Licensee, and that upon request by SBA, the court may appoint SBA to act as a receiver.

## COUNT ONE
## FAILURE TO PAY INDEBTEDNESS

25.     Paragraphs 1 through 24 are incorporated by reference as though fully set forth herein.

26.     Pursuant to 13 C.F.R. § 107.203(b)(1) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the happening of one or more events, including: (1) default in the payment of the principal or interest due under any debenture or obligation of the SBIC that is issued to, held or guaranteed by SBA; (2) nonperformance or violation, as determined by SBA, of one or more of the terms and conditions of any preferred security issued to SBA, or of any agreement with or conditions imposed by SBA.

27.     In addition, failure to timely pay indebtedness, including failure to timely redeem preferred securities and pay accrued dividends, violates 13 C.F.R. § 107.906 (1991) ("Nonperformance of agreements with SBA") because such failure constitutes nonperformance of the requirements of the preferred securities.

28.     By letter dated December 2, 2005, SBA accelerated Defendant's entire indebtedness evidenced by the Debenture and Preferred Securities and made demand for immediate payment in full of the entire indebtedness.

29.     In addition, and regardless of such acceleration, Trusty was required under the Regulations, including 13 C.F.R. § 107.205(b)(3) (1991), and Trusty's Articles of Incorporation to redeem the Preferred Securities and pay accrued dividends by the mandatory 15-year redemption date of February 12, 2006.

30.     To date, Defendant has not made full payment to SBA of the accelerated

amount due to SBA evidenced by the Preferred Securities, and has not redeemed the Preferred Securities, and thus has violated 13 C.F.R. §§ 107.203(b)(1) and 107.906 (1991).

31. As a consequence of Defendant's uncured violation of 13 C.F.R. §§ 107.203(b)(1) and 107.906 (1991), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Trusty, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

## COUNT TWO
## NONPERFORMANCE

32. Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33. The Regulations, including 13 C.F.R. § 107.205(b)(3) (1991), and Trusty's Articles of Incorporation required Trusty to redeem the Preferred Securities and pay accrued dividends by the 15-year mandatory redemption date of February 12, 2006.

34. Under 13 C.F.R. § 107.203(b)(1)(ii) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the nonperformance, as determined by SBA, of one or more of the terms and conditions of any preferred security issued to SBA, or of any agreement with or conditions imposed by SBA.

35.     Thus, Defendant's failure to redeem the Preferred Securities and pay accrued dividends by February 12, 2006, constitutes a violation of 13 C.F.R. § 107.203(b)(1)(ii) (1991) for nonperformance of its obligations to SBA.

36.     As a consequence of Defendant's continuing nonperformance in violation of 13 C.F.R. § 107.203(b)(1)(ii) (1991), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as receiver of Defendant, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

**COUNT THREE**
**NONCOMPLIANCE**

37.     Paragraphs 1 through 36 are incorporated by reference as though fully set forth herein.

38.     Pursuant to 13 C.F.R. § 107.203(b)(1)(iii) (1991), upon written notice by SBA, the entire indebtedness and/or the principal amount of preferred securities held by SBA may be declared immediately due and payable to SBA upon the failure of the Licensee, as determined by SBA, to comply with one or more of the provisions of the Act or the Regulations.

39.     In violation of the Act and the Regulations, including 13 C.F.R. §§ 107.500 and 107.503, Trusty: (a) engaged in financing activities not contemplated by the Act by providing financing to three small concerns where a business use of some or all of the financing proceeds could not be established, and (b) failed to adhere to the required

valuation guidelines regarding the valuation of loans made to two small concerns.

40.     As a consequence of Defendant's noncompliance with the Act and the Regulations, Defendant has violated 13 C.F.R. § 107.203(b)(1)(iii) (1991), and SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of Trusty, and is also entitled to judgment in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000, and accumulated dividends of $563,565.41 as of October 5, 2006; in addition, SBA is entitled to judgment for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and to post-judgment interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A.      That preliminary and permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Trusty, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.      That this Court determine and adjudicate Trusty's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.      That this Court take exclusive jurisdiction of Trusty and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Trusty for the

purpose of liquidating all of Trusty's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Trusty against third parties, as appropriate;

  D. That this Court render judgment in favor of SBA and against Trusty in the amount of $1,588,565.41, which includes Preferred Securities principal in the amount of $1,025,000 and accumulated dividends of $563,565.41 as of October 5, 2006, and in addition that this Court render Judgment in favor of SBA and against Trusty for the per diem dividend accrual of $112.33 for each day after October 5, 2006, until the date judgment is entered, and for post-judgment interest pursuant to 28 U.S.C. § 1961 thereafter; and

  E. That this Court grant such other relief as may be deemed just and proper.

Dated: Brooklyn, New York
   October 6, 2006

         ROSLYNN R. MAUSKOPF
         United States Attorney
         Eastern District of New York
         Attorney, for Plaintiff
         One Pierrepont Plaza, 14 Floor
         Brooklyn, New York

  By:  _William Young_
     WILLIAM YOUNG (WY9160)
     Special Assistant U.S. Attorney
     (718) 254-6057

     _William Young_
  For: Andrea L. Mayer
     U.S. Small Business Administration
     409 Third Street, S.W., 7th Floor
     Washington, D.C. 20416
     (202) 205-6876
     Email: andrea.mayer@sba.gov



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR TRUSTY CAPITAL, INC.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514   FAX NUMBER: (202) 205-6957

February 1, 2007

Mr. Peter T. Dalleo, Clerk of the Court            VIA UPS 2ND DAY DELIVERY
U.S. District Court for Delaware
844 North King Street, Lockbox 18
Wilmington, DE 19801

Re:   United States of America v. TRUSTY CAPITAL, INC.      U. S. DISTRICT COURT - DE
      Civil Action No. 06-CV-8170 (KMK)                     MISC. CASE # 07-23

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Southern District of New York has taken exclusive jurisdiction of TRUSTY CAPITAL, INC. ("Trusty") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of TRUSTY may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for TRUSTY, stayed all legal proceedings involving TRUSTY, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to TRUSTY are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman, Chief
Corporate Liquidation and Receivership Operations
Office of SBIC Liquidations